## Case No. 16,893.

### UNITED STATES v. STEVENS et al.

[2 Int. Rev. Rec. 54.]

District Court, S. D. New York. 1865.

INTERNAL REVENUE — MANUFACTURERS OF KNAPSACKS.

[Persons who, by a special agreement with a government contractor engaged in manufacturing knapsacks, supplied and sewed upon each knapsack two small buckles and straps, without any other connection or participation in the production thereof, were not "manufacturers," within the meaning of the 75th section of the act of July 1, 1862 (12 Stat. 462), and are not liable to pay the tax thereunder. Reaffirming Cases Nos. 16,393a and 16,393b.]

This was an action [against Stevens and Carples] for the recovery of some $16,000 taxes upon certain knapsacks in part manufactured by defendants. The defendants resisted the payment on the ground that they were not manufacturers, but only employed by the manufacturers to add to the knapsacks buckles and tags. It was shown on behalf of the government that more than one-half of the value of the goods consisted of these additions.

BETTS, District Judge. This case was submitted May 23, 1865, to the judgment of the court by the counsel for the United States as defendants, on written arguments, with the restriction "not to be decided before July 24 next." I am not advised of the reason for the restriction. The action was in assumpsit for the recovery of duties or taxes to the amount of $16,000. The declaration charged that the defendants, as copartners, on the 1st of March, 1863, were indebted to the plaintiff at New York in that sum, according to the provisions of the 75th section of the act of congress, approved July 1, 1862 [12 Stat. 432], entitled "An act to provide internal revenue, to support the government, and to pay interest on the public debt." The declaration alleges, the indebtment accrued "for the duties on knapsacks manufactur-

ed and sold, and removed for consumption and for delivery to others than agents of the manufacturers within the United States or territories thereof, between September 1, 1862, and January 31, 1863, inclusive: and being so indebted, undertook and promised to pay the same," &c. A plea of the general issue was interposed, with a notice annexed, that on the trial the defendants would give in evidence and insist that the aforesaid knapsacks were manufactured and sold, not by the defendants, but by one Henry S. McComb, under contracts entered into by him with the government. The defendants had no interest in said contracts, and were neither parties nor privies thereto. That the materials used in making said knapsacks, except buckles and brass trimmings, were furnished by said McComb; and that the defendants and workmen were employed by McComb simply to strap and finish the knapsacks after the same had been delivered to the defendants by McComb in an advanced stage of completion, and received compensation from said McComb for such work and labor. The action was brought to trial before the United States district court, and a jury in the city of New York, December 20, 1864. There was no difference between the government and the defendants in the facts of the case. They corresponded also fully with the pleadings filed by the parties and stated above.

After the evidence was given and the counsel for the United States and the defendants had presented to the court their views of the purport and legal effects thereof, and the court had suggested to the counsel its impression that the defendants were not shown by the evidence produced to be parties within the description of the act of congress referred to and declared upon, and more especially are not included in that portion of the act rehearsed and counted upon in the declaration filed in this suit, charging the indebtment of $16,000 to be duties legally collectable from the defendants, and the liability of the latter to pay the same in this action; and as this form of procedure does not appear to have been sanctioned by any considered judicial construction of the law of the case, the court shall advise the jury to find upon the evidence that the defendants were not liable to the libelants for the amount of duties claimed in the suit, and that they render a verdict in the cause for the defendants; but with leave to the plaintiffs to move upon a case to be made by them to set aside such verdict and have judgment at the discretion of the court entered in their favor for the amount of duties claimed in the action. Such verdict was rendered accordingly. [See Cases Nos. 16,393a and 16,393b.] The motion to set aside that verdict has now been argued in writing by the counsel for the defendants and by the assistant district attorney for the plaintiff.

The action instituted and pending before the court in the instance relates, exclusively to the collection under the laws of congress of duties and taxes upon articles of domestic internal manufactures, composed of military equipments and knapsacks, approved July 1, 1862 (12 Stat. 432, § 75). The fabric is according to the proofs equally entitled to that denomination, whether manufactured in an exceedingly simple and cheap form, a single bag or sack, or being connected with additional appendages, the union of the two comprising larger conveniences, superior finish and greater mechanical skill and labor. They are, when either way constructed, a manufactured article, the complete knapsack, embraced in the denomination given to the article stated in the revenue law declared upon. Two classes of citizens or subjects of the government are liable to taxation under the statutes in question, and to pay assessments pursuant thereto. The first may be said to be the producers thereof;—because being an article of general and extensive merchandise and traffic, the masses in number and value of the commodities will probably be concentrated in most instances in the hands of capitalists or general dealers, and not be supplied individually by them as citizens and manufacturers. They acquire, hold and vend the articles, and pay assessments upon them as marketable property and effects in the capacity of producers equally if obtained in market overt, or in fabrication as mechanics themselves. The second general class will be that of the actual manufacturers of the commodities taxable. There, also, it will doubtless be found that practically a meagre proportion of the artisans personally are made liable to pay duties directly upon the fabrics, or that the actual makers are known from contributors of materials, funds, labor, or other aids to the general production. Where cases do exist in which manufactured property is owned and held and both sold, or removed for consumption, or for delivery to others than agents of the manufacturer, &c., &c., upon whatever terms or conditions their manufactures may have been created and produced as between the mutual proprietors thereof, it will be competent to the government to deal with common property so produced and held under the law in question, with all the legal rights and remedies that might be exercised by individuals against persons standing in like relations in respect to each other, and reciprocal rights and responsibilities springing therefrom. Upon that principle the United States, in this action, assuming that the defendants are manufacturers of dutiable products which are subject by law to the payment of $16,000 of duties or assessments, claim by implication a contract and premium by the defendants to pay that sum to the plaintiffs. This suit is brought and its proceedings are framed to enforce that supposed engagement and liability. The defendants are sued as copartners, claimed by the plaintiffs to be

engaged in the business of manufacturing knapsacks, who prove them to have been employed therein by H. S. McComb, under an agreement with him to assist and aid in that business. The defendants made no engagement with the plaintiffs, but performed their engagement with McComb exclusively under a special contract in writing with him to that end. The only work they did in the making of the knapsacks was supplying and sewing the small straps and buckles on each one and furnishing materials therefor of the value of a few cents to each knapsack. All the rest of these knapsacks, it is proved by the evidence, were made, painted and materials furnished by McComb, with whom the defendants were not connected in business except in the special particulars of mechanical labor and supply in aid of the business of McComb. The declaration avers no undertaking on the part of the defendants binding them to make the knapsacks for the use of the government, or to secure or pay the plaintiffs the amount of duties recoverable from any parties on the completion of the manufactured articles. That matter on the terms of contract between the defendants and McComb, as proved on the trial of the cause by the plaintiffs, remained in the hands of the defendants as agents or sub-workers of McComb, or was entirely at the disposal of McComb, as the producer or manufacturer thereof, or the sole agent shown by the evidence entitled to their delivery. It is not proved by the plaintiffs that the defendants were any way parties or privies to engagements or responsibilities (if any subsist) between McComb and the plaintiffs in relation to the making of the said knapsacks. The incidental services performed toward completing the business intrusted to the defendants by McComb, and performed by them according to the evidence furnished by the plaintiffs, cannot in any propriety of speech be termed making or manufacturing the article, more than cutting and stitching on pairs of straps to the legs of boots by a boot or shoemaker can be called manufacturing or making indefinite quantities or furnishings of boots. The plaintiffs establish no right of action against the defendants to recover from them the sum demanded by the plaintiffs "for" (in the averments of the declaration) "knapsacks manufactured and sold and removed for consumption, and for delivery to others than agents of the manufacturers within the United States or territories thereof."

Considering this suit, then, upon the pleadings and proofs offered by the plaintiffs, it must be adjudged not sustained upon grounds of legal sufficiency, in technical points of view or upon the merits, and the decision of the case must be in favor of the defendants and against the plaintiffs. I am accordingly of opinion that the plaintiffs have shown upon the case no lawful cause of action in this suit, and that judgment be confirmed upon the verdict rendered in favor of the defendants and against the plaintiffs, without cost.